UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

R.W. CHELSEA ENERGIE LTD; SYMBION
POWER HOLDINGS LLC; AND SYMBION
POWER LLC,

Petitioners,

v.

VISION INDIAN OCEAN (V.I.O.) SA,

Respondent.

24 Civ. 6790 (DEH)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is R.W. Chelsea Energie LTD ("Chelsea Energie"), Symbion Power Holdings LLC ("SPH"), and Symbion Power LLC ("SPLLC") (collectively, the "Petitioners") Motion to Correct or Alter the judgment issued in this case. On December 1, 2025, this Court denied Petitioner's Motion to Vacate an arbitration award stemming from an alleged breach of an agreement regarding the rehabilitation of the Mandroseza Power Plant in Madagascar, and granted one to confirm it filed by Vision Indian Ocean (V.I.O.) SA ("Respondent"). ECF No. 48. The Court issued a judgment on December 9, 2025, ECF No. 50, awarding the amounts and remedies stated in a proposed judgment filed by Respondent. ECF No. 49. On January 6, 2026, Petitioners filed a motion to correct or alter the judgment, arguing that the judgment contains a clerical error in an incorrect damages calculation and improperly awards post-award, pre-judgment interest. ECF No. 52-53. The Court stayed execution of the judgement and ordered a response from Respondent, ECF No. 56, who agreed that the damages calculation was incorrect but disputes that post-award, pre-judgment interest is improper. ECF No. 57.

For the reasons set forth below, the Motion to Correct the Judgment is **GRANTED IN PART and DENIED IN PART**. The revised judgment will issue by separate order.

## DISCUSSION

Petitioners move under Rule 59(e) to alter or amend the Judgment to exclude post-award pre-judgment interest or, in the alternative, under Rule 60(a) to "correct" the Judgment by "excluding post-award pre-judgment interest on all but the damages component of the Award." Petitioners seek to correct three errors in the judgment: an award of $488,650.00 instead of $473,685.00 in Paragraph 4a.; a lack of clarity regarding whether Petitioner's payment of arbitral costs and tribunal fees is conditioned on "demonstration by the parties that these fees and compensation have been paid in full," ECF No. 29-1 ¶ 626.c; and an improper award of post-award, pre-judgment interest. Respondent does not object to the first two corrections, and the Court **GRANTS** the motion to that extent. However, the Court concludes that post-award, pre-judgment interest was properly awarded and **DENIES** the motion to alter the judgment in that regard.

### I.      Rule 59(e)

Rule 59(e) permits a party to file a motion to alter or amend a judgment, but "this provision is available 'only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Seagrape Invs. LLC v. Tuzman*, 19 Civ. 9736, 2025 WL 2644288, at *4 (S.D.N.Y. Sept. 15, 2025) (quoting *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020)). "A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment.'" *Pillar Dynasty LLC v. N.Y. & Co., Inc.*, 933 F.3d 202, 216 (2d Cir. 2019); *see also Seagrape Invs.*, 2025 WL 2644288, at *4 (S.D.N.Y. Sept. 15, 2025) (movant "had multiple chances to raise their current argument [before judgment] but did not do so."). A Rule 59(e) motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other

words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019)

The Court concludes that Petitioners have offered no caselaw or evidence to suggest that post-award, pre-judgment interest was improperly awarded. While Petitioner argues that they were given no "notice" that Respondents would seek such interest, Pet's.' Reply ISO Mot. to Correct or Alter Judgment at 5, ECF No. 58, that is plainly incorrect. Respondents explicitly argued for post-award, pre-judgment interest in their briefing. *See* Resp.'s Mot. to Conf. at 3, ECF No 30 ("In addition to confirmation of the Award, VIO is also entitled to pre-judgment and post-judgment interest"). The Court also explicitly contemplated and awarded that interest in its Opinion. ECF No. 48 at 14-15. Petitioners identify no error of law or fact in the Court's ruling. Accordingly, the motion to alter that portion of the judgment pursuant to Rule 59(e) is DENIED.

## II.    Rule 60(a)

Rule 60(a) permits the correction not only of clerical mistakes, but also of inadvertent errors arising from oversight or omission. *Consumer Fin. Prot. Bureau v. Sprint Corp.*, 320 F.R.D. 358, 363 (S.D.N.Y. 2017). The Rule allows for correction of judgments to ensure their original intentions are reflected accurately in the record. *Id.* The "heart of the distinction between an error that is correctable under Rule 60(a) and one that is not is that a correction under Rule 60(a) cannot alter the substantive rights of the parties but rather may only correct the record to reflect the adjudication that was actually made." *Dudley ex rel. Estate of Patton v. Penn–America Ins. Co.*, 313 F.3d 662, 675 (2d Cir. 2002). Rule 60(a) is not "meant to provide a way for parties to relitigate matters already decided, to change errors in what a court has deliberately done, or to attempt to establish a right to relief which the court has not previously recognized." *Peyser v. Searle Blatt & Co., Ltd.*, 99 Civ. 10785, 2003 WL 1610772, at *1 (S.D.N.Y. Mar. 24, 2003).

The Court concludes that Rule 60(a) properly applies to the correction of the inadvertent errors in the amount of the judgment and the clarification of the required showing for Respondents to obtain reimbursement for arbitral fees and costs. However, Rule 60(a) "does not allow a court to make corrections that, under the guise of mere clarification, reflect a new and subsequent intent because it perceives its original judgment to be incorrect. Rather, the interpretation must reflect the contemporaneous intent of the district court as evidenced by the record." *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013). The Court clearly and intentionally awarded post-award, pre-judgment interest. As a result, the Court cannot alter that judgment via Rule 60(a). Accordingly, the Motion is GRANTED IN PART and DENIED IN PART.

### CONCLUSION

For the reasons given above, the Petitioners' Motions are **GRANTED IN PART and DENIED IN PART**. A revised judgment will issue by separate order.

The Clerk of Court is respectfully directed to terminate ECF Nos. 52 and 54.

SO ORDERED.

Dated: January 27, 2026

New York, New York

DALE E. HO
United States District Judge

4