**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

R.W. CHELSEA ENERGIE LTD., SYMBION POWER HOLDINGS LLC, and SYMBION POWER LLC,

Petitioners / Judgment Debtors,

-against-

VISION INDIAN OCEAN (V.I.O.) SA,

Respondent / Judgment Creditor.

Case No. 24-cv-06790-DEH

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, on January 27, 2026, a judgment (the "Judgment") was entered in this action in favor of Respondent / Judgment Creditor Vision Indian Ocean (V.I.O.) SA ("VIO" or the "Judgment Creditor") and against Petitioners / Judgment Debtors R.W. Chelsea Energie Ltd., Symbion Power Holdings LLC, and Symbion Power LLC (collectively, the "Judgment Debtors"), jointly and severally, which remains unsatisfied;

WHEREAS, in aid of execution and enforcement of the Judgment, the Judgment Creditor is entitled to obtain discovery from the Judgment Debtors and from third parties pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and Article 52 of the New York Civil Practice Law and Rules (the "CPLR"), including by information subpoena with restraining notice, subpoena duces tecum, deposition, and other lawful means (collectively, "Post-Judgment Discovery");

WHEREAS, the parties anticipate that Post-Judgment Discovery may require the disclosure of certain non-public personal, financial, commercial, or proprietary information; and

WHEREAS, the parties agree, and the Court finds, that good cause exists for entry of an appropriately tailored protective order pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure to govern the treatment of such information, while preserving the Judgment Creditor's ability to use such information to enforce, collect upon, and satisfy the Judgment;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel, and ORDERED, that the following restrictions and procedures shall apply to the information and documents exchanged in connection with Post-Judgment Discovery in this action:

1. **Scope.** This Order governs all documents, testimony, information, and things produced, given, or exchanged in connection with Post-Judgment Discovery in this action, whether produced by a party or by a non-party, including without limitation answers to information subpoenas and restraining notices, documents, deposition testimony and transcripts, written interrogatory or question answers, and all copies, excerpts, summaries, compilations, and other materials derived therefrom (collectively, "Discovery Material").

2. **Designation of Confidential Information.** Any party or non-party producing Discovery Material (a "Producing Party") may designate as "CONFIDENTIAL" any Discovery Material that the Producing Party in good faith believes constitutes or contains non-public personal, financial, commercial, proprietary, or trade-secret information, the disclosure of which would cause competitive, commercial, financial, or privacy harm. Such information may include, without limitation, bank-account and other financial-account information, tax records and identification numbers, records of asset transfers or dispositions, intercompany loans and obligations, financial statements, and other non-public business records. The right to designate Discovery Material under this Order is available equally to all parties.

3. **Attorneys' Eyes Only.** A Producing Party may designate as "ATTORNEYS' EYES ONLY" ("AEO") that narrow subset of Discovery Material that constitutes especially sensitive

non-public financial or commercial information the disclosure of which to a receiving party itself (as distinct from its outside counsel) would create a substantial risk of competitive or commercial harm that could not be avoided by less restrictive means. The AEO designation shall be used sparingly and in good faith. No party shall designate Discovery Material as CONFIDENTIAL or AEO for the purpose of, or with the effect of, impeding the Judgment Creditor's lawful efforts to identify, trace, restrain, or execute against assets to satisfy the Judgment, and no designation under this Order shall limit the Judgment Creditor's rights under Paragraph 8 below.

4. **Manner of Designation.** A Producing Party shall designate Discovery Material by (a) marking each page or item "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or, where marking is impracticable, by so designating the material in a writing identifying it; (b) as to information-subpoena answers, by so stating in the answer or an accompanying writing; and (c) as to deposition testimony, by a statement on the record at the deposition or by written notice to all counsel within thirty (30) days after receipt of the transcript, during which thirty-day period the entire transcript shall be treated as AEO.

5. **Permitted Disclosure of CONFIDENTIAL Material.** Discovery Material designated CONFIDENTIAL, and its contents, may be disclosed only to:

(a) the parties and their respective outside and in-house counsel of record in this action;

(b) partners, associates, paralegals, and other employees and agents of such counsel to the extent reasonably necessary to assist in this action and the enforcement of the Judgment;

(c) experts, consultants, accountants, asset-tracing or investigative professionals, and their staff retained by counsel in connection with this action or the enforcement of

the Judgment, provided that any such person has first executed the undertaking annexed as Exhibit A;

(d) the Court and its personnel, and any mediator or special master, together with court reporters, videographers, and their staff;

(e) any United States Marshal, sheriff, or other officer charged with enforcing the Judgment, to the extent necessary to effect enforcement;

(f) any witness or deponent in this action or in any proceeding in aid of enforcement, to the extent reasonably necessary, provided that, other than a person identified in subparagraphs (a)–(e), the witness has first executed Exhibit A; and

(g) the author or any prior recipient of the material, and any person the Producing Party agrees in writing may receive it.

6. **Permitted Disclosure of AEO Material.** Discovery Material designated AEO, and its contents, may be disclosed only to the persons identified in subparagraphs 5(a) (outside counsel of record only), 5(b), 5(c), 5(d), and 5(e), and to the author or prior recipients of the material under subparagraph 5(g). AEO Material shall not be disclosed to a receiving party's officers, directors, members, or employees except upon the Producing Party's written consent or further order of the Court, which the Court may grant where disclosure is reasonably necessary to enforce the Judgment.

7. **Use Restriction.** Discovery Material designated under this Order shall be used solely in connection with this action and the enforcement, collection, securing, and satisfaction of the Judgment, and for no other purpose, subject to Paragraph 8.

8. **Preservation of Enforcement Rights.** Notwithstanding any other provision of this Order, nothing herein shall limit, restrict, condition, or impair the Judgment Creditor's right to use

Discovery Material—including Discovery Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY—for the purpose of enforcing, collecting upon, securing, or satisfying the Judgment, including without limitation:

(a) applying for, serving, and enforcing restraining notices, executions, levies, income executions, and turnover or delivery directives;

(b) issuing subpoenas to, and obtaining discovery from, financial institutions, transferees, affiliates, and other third parties;

(c) commencing or prosecuting special or plenary proceedings under CPLR Article 52, and any action or proceeding to set aside, avoid, or recover a fraudulent or voidable transfer or conveyance under applicable law;

(d) disclosing such material to the Court, United States Marshals, sheriffs, and other enforcement officers as necessary to effect enforcement; and

(e) using such material in any proceeding ancillary to or in aid of enforcement of the Judgment, whether before this Court or any other court or tribunal of competent jurisdiction;

provided, however, that where reasonably practicable and consistent with applicable law and the rules of the relevant tribunal, the Judgment Creditor shall seek to preserve the confidential treatment of material so designated, including by filing under seal or in redacted form where permitted.

9. **Challenges to Designation.** A party may at any time challenge a designation by giving written notice to the Producing Party. Counsel shall meet and confer in good faith to resolve the dispute. The meet and confer shall occur within five (5) business days after the written notice. If the dispute is not resolved, the challenging party may apply to the Court for relief in accordance

with the Court's Individual Practices, and the Producing Party shall bear the burden of establishing that the designation is warranted. The material shall be treated as designated until the dispute is resolved by agreement or by order of the Court. No party's acquiescence in, or failure to challenge, a designation shall be construed as an admission that the material is relevant, admissible, or properly designated.

10. **Inadvertent Production; Rule 502(d).** Pursuant to Federal Rule of Evidence 502(d), the production of any document or information that is privileged or otherwise protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, whether inadvertent or otherwise, shall not constitute or be deemed a waiver of any such privilege or protection in this action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection permitted by Rule 502(d). Upon notice that privileged or protected material has been produced, the receiving party shall promptly return, sequester, or destroy the material and any copies, and shall not use it for any purpose pending resolution of any dispute as to its status. Nothing herein limits a Producing Party's right to conduct a pre-production review for relevance, responsiveness, privilege, or protection.

11. **Personally Identifying Information.** Any personally identifying information (e.g., Social Security numbers, financial-account numbers, passwords, and information that may be used for identity theft) exchanged in Post-Judgment Discovery shall be maintained by the receiving party in a secure and confidential manner and shared only with authorized individuals. In the event of a data breach affecting such information, the receiving party shall promptly notify the Producing Party and cooperate to remediate the breach. Nothing herein waives any legal claim, right, or defense arising from a failure to protect such information.

12. **No Presumption of Sealing.** The designation of Discovery Material under this Order does not authorize the filing of any material under seal or in redacted form and creates no presumption that any judicial document may be sealed. Any party seeking to file Discovery Material under seal or in redacted form must do so by separate application in accordance with the Court's Individual Practices and the strong presumption in favor of public access to judicial documents. The parties acknowledge that neither their consent nor a confidentiality designation under this Order is, by itself, a sufficient basis to overcome that presumption.

13. **No Waiver; Reservation of Rights.** Nothing in this Order constitutes an agreement to produce any Discovery Material, an admission that any designated material is relevant, discoverable, or admissible, or a waiver of any objection on any ground. Each party reserves all rights to object to the discoverability, use, or admissibility of any Discovery Material.

14. **Non-Parties.** Any non-party from whom Post-Judgment Discovery is sought may invoke and shall be entitled to the protections of this Order by so designating its Discovery Material, and shall thereupon be bound by its terms.

15. **Inadvertent Failure to Designate.** The inadvertent production of Discovery Material without a confidentiality designation shall not waive the right to designate it later. Upon notice of a later designation, the receiving party shall thereafter treat the material in accordance with its designation, except that no person shall be deemed in violation of this Order for any disclosure made before receiving such notice.

16. **Survival; Return or Destruction.** This Order shall survive the termination of this action and shall remain binding on all persons subject to it. Within sixty (60) days after the Judgment has been fully satisfied and all proceedings in aid of its enforcement have concluded (including any appeals), each receiving party shall, at the Producing Party's election, return or

destroy all Discovery Material designated under this Order and all copies thereof, except that counsel may retain one archival copy and their attorney work product, which shall remain subject to this Order.

17. **Continuing Jurisdiction.** The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce its terms and to impose sanctions for any violation, including for contempt.

18. **Modification.** This Order may be modified, and additional protections may be afforded, by further order of the Court for good cause shown. The parties may, by written agreement, afford any Discovery Material treatment more protective than that provided herein.

19. **Counterparts.** This Stipulation may be executed in counterparts, and signature pages delivered by electronic means shall be deemed originals. This Stipulation is binding upon signature and shall be submitted to the Court for entry as an Order.

SO STIPULATED AND AGREED.

Dated: August 27, 2026

**REED SMITH LLP**

By: *___/s/ Nicholas J. Mazza________*
Casey D. Laffey
Juliya Arbisman
Nicholas J. Mazza
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
claffey@reedsmith.com
jarbisman@reedsmith.com
nmazza@reedsmith.com

*Attorneys for Respondent / Judgment Creditor Vision Indian Ocean (V.I.O.) SA*

Dated: August 27, 2026

**WHITEFORD, TAYLOR & PRESTON, LLP**

By: *_______/s/ Daniel Podhaskie________*
Enayat Qasimi
Daniel Podhaskie
444 Madison Avenue, 4th Floor
New York, NY 10022
Tel: (646) 618-8654
eqasimi@whitefordlaw.com
dpodhaskie@whitefordlaw.com

*Attorneys for Petitioners / Judgment Debtors*

SO ORDERED.

Dated: New York, New York

August 28, 2026

**HON. DALE E. HO**
United States District Judge

The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, the undersigned, hereby acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order (the "Order") entered in R.W. Chelsea Energie Ltd., et al. v. Vision Indian Ocean (V.I.O.) SA, Case No. 24-cv-06790-DEH (S.D.N.Y.), governing the treatment of Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

I agree to be bound by the terms of the Order. I will not disclose any Discovery Material designated under the Order, or its contents, to any person not authorized to receive it under the Order, and I will use such material solely for the purposes permitted by the Order. I submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Order.

Dated: ____________________

______________________________

Signature

______________________________

Print Name

______________________________

Occupation / Title